JACOB HILL, jun., and others

*v.*

JACOB F. SMITH, executor &c.

A bill by the widow and heirs at law of a vendee, to compel the conveyance of woodlands, paid for by such vendee, was filed against the surviving executor of his co-vendee, in whose name the title was taken in trust, such executor having a naked power of sale. On demurrer,—
*Held,*

(1) That the personal representative of the vendee was not a necessary party complainant, because all the purchase-money had been paid.

(2) That the widow of the vendee was a necessary party complainant, because she was entitled to dower in her husband's equitable estate in the lands, at the time of his death.

(3) That the lands, not having been devised, descended to the co-vendee's heirs at law, who hold it subject to the power of sale given to the executor, and were, therefore, necessary parties defendant.

(4) That the vendee, having paid one-half of the purchase-money, having been in possession for more than forty years under a voluntary partition, and the trust of his co-vendee being shown, the complainants are entitled to relief.

Bill for relief. On general demurrer.

*Mr. M. Wyckoff*, for demurrant.

*Mr. O. Jeffery*, for complainant.

THE CHANCELLOR.

The bill is filed by the widow and heirs at law of John Hill, deceased, late of Warren county, to compel a conveyance of certain woodland in Hunterdon county. The claim to relief is based on the following facts: In March, 1833, John Hill, now deceased, and his brother Jacob, and John P. Smith, also now deceased, agreed to buy of Dr. Samuel Fowler a tract of woodland of about thirteen and one-half acres in Hunterdon county, at the price of $19 an acre, and

it was agreed by and between the Hills and Smith that the title should be taken by the latter, and that then he would convey one-half of the property to them. After the agreement was made, and on or about March 28th, 1833, Dr. Fowler conveyed the property to Smith. The conveyance was taken by him in trust, and on the express agreement, to convey half of the property to the Hills, they to pay him half of the consideration paid to Dr. Fowler. After the deed was taken by Smith, the Hills paid him half of the consideration money, according to the agreement. Subsequently a voluntary partition of the property was made by them and him, by which half of the premises was designated and set off to them, and the other half to him. The Hills entered into possession of the half so set off to them. Jacob Hill subsequently conveyed his interest to John Hill. The Hills cut and carried away the wood from the property set off to them, at their pleasure, during Smith's life-time (John Hill cut off all the timber), and the heirs at law of John Hill (he died in 1869) have ever since his death enjoyed the right of entering on that land. Smith died in 1838. Those of the complainants who are the heirs at law of John Hill, now, according to the averments of the bill, own in fee the part assigned to the Hills. By his will Smith gave his executors power to sell land, but they have not sold the property in question. One of his executors is dead. The suit is brought against the survivor.

The demurrant assigns the following causes of demurrer: First—That the bill has no equity. Second—Defect of parties complainant. He insists that Jacob Hill and the personal representatives of John Hill should be parties complainant. Third—That there is an unnecessary party complainant, the widow of John Hill. Fourth—That there is a defect of necessary parties defendant. He insists that the heirs at law of John P. Smith should be defendants.

The bill has equity. The case shows an agreement to convey on receipt of purchase-money, which has been paid, and full possession of the land given by the vendor to the

vendee accordingly, and kept till this time; a voluntary partition between the vendor and the vendee, and an exclusive enjoyment by the latter of his share assigned to him therein accordingly, and his use thereof to the extent of cutting off, for his own use, all the wood and timber from it, in which its chief value consisted. The delay in bringing suit is not, under the circumstances, a bar to the complainants' claim. *Pomeroy on Cont.* § *404.*

The personal representative of John Hill is not a necessary party. The purchase-money has been paid in full. Jacob Hill conveyed his interest in the property to John. The assignment of his interest appears from the bill to have been absolute. He is, therefore, not a necessary party. *Pomeroy on Cont.* § *487.*

The widow of John Hill is a necessary party. She has a right to dower in the equitable estate to which her husband was entitled at his death.

The power of sale given to Smith's executors appears to be a naked power. The land in question does not appear to have been devised. The title to it descended, on the death of Smith, to his heirs at law, who hold it subject to the power of sale given to his executors. *Romaine* v. *Hendrickson, 9 C. E. Gr. 231,* and cases there cited. The heirs at law are, therefore, necessary parties to this suit.

The demurrer will be allowed for want of necessary parties defendant.